IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE DERRICK BOND, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 06-1515 |
| ) | |
| v. ) | Judge Cercone |
| ) | Magistrate Judge Caiazza |
| FNU RHODES, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss filed by Defendants Diggs, Gress and Hickman (Doc. 63) be granted in part and denied in part. It is further recommended that the Plaintiff's Motion to Strike the Motion to Dismiss as untimely (Doc. 88) and his Motion for Sanctions (Doc. 90) be denied.

### II. REPORT

Jesse Derrick Bond ("Bond" or "the Plaintiff") is a state prisoner currently incarcerated in the State Correctional Institution at Greene ("SCI-Greene"). His Amended Complaint details alleged Eighth Amendment constitutional violations with respect to an alleged assault and the medical treatment he received -or failed to receive- for injuries sustained during that assault. Presently before the court is a Motion to Dismiss filed by Defendants Michelle Howard Diggs, Debra Gress and Sherly

Hickman (Doc. 63). The Plaintiff has responded to the Motion (Doc. 77) and the Moving Plaintiffs filed a Reply (Doc. 85) in which they withdraw their argument that Bond failed to exhaust administrative remedies. Consequently, that issue will not be addressed here. Bond moves to strike the Motion as untimely (Doc. 88) and for sanctions (Doc. 90). These latter two motions will be denied because they are baseless.

A. **The Plaintiff's Allegations**

Bond alleges that he was assaulted at SCI-Greene by persons other than the Moving Defendants on November 18 2005. Bond further asserts that Non-Moving Defendant Lipscomb obstructed his ability to seek medical assistance from November 18 through 22, 2005, and that he was transferred to the State Correctional Institution at Graterford ("SCI-Graterford") on November 22, 2005, for a court appearance (Doc. 22, ¶¶ 35-37). While at SCI-Graterford, Bond was examined by medical personnel on November 23, 2005, and was given pain medication and a sleep aid (Id., ¶38). Bond returned to SCI-Greene on December 19, 2005, and was allegedly refused medicine for his continuing back pain by Moving Defendants Gress, Hickman and Diggs (Id., ¶39). He was subsequently prescribed pain medication by Dr. Jin. Bond does not allege when his visit with Dr. Jin occurred, but asserts that he was denied all medical treatment by the Moving Defendants for thirty nine days following his return to SCI-Greene.

B. **The Applicable Standard**

The standard applicable to a Rule 12(b)(6) motion is that dismissal is appropriate if no relief could be granted under any set of facts that could prove consistent with the allegations in the Complaint. Hishon v. Spalding, 467 U.S. 69, 73 (1984); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir.1986). Additionally, the Supreme Court recently clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly. ___ U.S. ___, 127 S. Ct. 1955 (2007). Specifically, the Court "retired" the language in Conley v. Gibson, 355 U.S. 41, (1957); i.e., "'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief.'" Twombly, 127 S. Ct. at 1968 (quoting Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In this action Bond asserts liability against the Defendants pursuant to 42 U.S.C. §1983. To state a claim under Section 1983, Bond must meet two threshold requirements. He must show: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988);

Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

C. **The Analysis**

Bond's claims are premised upon the Eighth Amendment of the United States Constitution, which protects individuals against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This protection, enforced against the states through the Fourteenth Amendment, guarantees incarcerated persons humane conditions of confinement. Generally, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1978). In the context of a claimed denial of medical treatment, an inmate must show two elements to demonstrate a violation of his rights as protected by the Eighth Amendment: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. Id.

The first element requires a plaintiff to demonstrate a medical need that is objectively "sufficiently serious." A medical need is "serious" if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person easily would recognize the necessity for a doctor's attention. Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

Even where there is a serious medical condition, a prisoner must also allege facts which would permit a jury to conclude that the defendant prison officials <u>subjectively</u> acted with a sufficiently culpable state of mind. <u>Twombly</u>, 127 S. Ct. at 1965 ("[f]actual allegations must be enough to raise a right above the speculative level"). The Supreme Court has stated that "in the medical context, an inadvertent failure to provide medical care" does not rise to the level of deliberate indifference. <u>Gamble</u>, 429 U.S. at 105-106. However, an intentional refusal to provide <u>any</u> medical treatment to an inmate suffering from a serious medical need manifests deliberate indifference and is actionable.

Here, accepting as true the facts alleged in his Complaint - as the court must- Bond has established that he had a medical condition which two physicians deemed sufficiently serious to require medication. Further, he alleges that the Defendants knowingly prevented him from obtaining medical care for thirty nine days. That said, the Moving Defendants apparently question the timing of the purported deprivation, claiming that there is no allegation in the Amended Complaint specifying the date on which Dr. Jin actually provided medication to the Plaintiff following his return to SCI-Greene. Nevertheless, the Court must credit Bond's allegation that the deprivation continued for thirty nine days. In the court's view, and considering the relevant standard, Bond's allegation is sufficient to state a

claim under the Eighth Amendment. The Motion to Dismiss should be denied in this respect.

The Moving Defendants also seek to have Bond's state law claim for medical malpractice dismissed for failure to file a certificate of merit as required by Pennsylvania state law. Bond did not respond to this portion of the Motion to Dismiss, and this claim should be dismissed. Rodriguez v. Smith, 2005 WL 1484591 (E.D.Pa.2005) (agreeing with other district courts "that [Pennsylvania Rule of Civil Procedure 1042.3] should be applied by federal courts as controlling substantive law under Erie R.R. v. Tompkins, 304 U.S. 64 . . . (1938), and its progeny," dismissing *pro se* prisoner['s] . . . medical malpractice claim for failure to submit the required certificate).

Finally, Bond moves to strike the Motion to Dismiss on the basis that it is untimely (Doc. 88). The court disagrees. Bond moved for leave to file an Amended Complaint on April 25, 2007, but this Motion was only granted on July 11, 2007. Hence, the Defendants' Motion to Dismiss, which was filed on June 5, 2007, was clearly timely since the Amended Complaint had not even been filed at that point. Likewise, the Court discerns no basis for sanctioning counsel for the Moving Defendants.

D. **Summary**

It is respectfully recommended that the Motion to Dismiss filed by Defendants Diggs, Gress and Hickman (Doc. 63) be granted

in part and denied in part consistent with this Report. It is further recommended that Bond's Motion to Strike (Doc. 88) and his Motion for Sanctions (Doc. 90) be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by February 25, 2008.

February 8, 2008
s/Francis X. Caiazza
Francis X. Caiazza
United States Magistrate Judge

cc:
JESSE DERRICK BOND
BZ-2493
S.C.I. at Greene
175 Progress Drive
Waynesburg, PA 15370