IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSE DERRICK BOND, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-1515 |
| | ) | |
| v. | ) | Judge Cercone |
| | ) | Magistrate Judge Bissoon |
| FNU RHODES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that the Motion for Partial Summary Judgment filed by the Department of Corrections ("DOC") Defendants[1] (Doc. 142) be granted. It is further recommended Plaintiff's Motion for Partial Summary Judgment (Doc. 145) be denied.

**II. REPORT**

Jesse Derrick Bond is a state prisoner currently incarcerated in the State Correctional Institution at Greene ("SCI-Greene"). Bond alleges that he was subjected to the use of excessive force by Defendants Horne, Bogdon, Hancher and Lipscomb, who are prison guards, and that this was done in retaliation for a lawsuit Plaintiff previously filed. Plaintiff asserts that this is a violation of the Eighth Amendment, and is actionable under 42 U.S.C. §1983. The excessive force and retaliation claims against Defendants Horne, Bogdon, Hancher and Lipscomb are not challenged by the DOC Defendants in their motion, but Plaintiff contends that he is entitled to summary judgment on his excessive force claim against Defendant Horne.

---

[1] Defendants Horne, Bogdon, Hancher, Lipscomb, Davis, D'Alassandro, Rhodes, Kirby, Brooks, Kennedy, Noramn, Meighan, Stickman, Haywood, Smith, Mathews, Kyler, Burks, D'Eletto, Miller, Rambler, Kelly, Telegra and the Department of Corrections.

Plaintiff also makes claims under state law against the DOC Defendants and the DOC Defendants have moved for summary judgment on those claims.

Finally, Plaintiff also alleges that Defendant D'Alassandro failed to timely respond to a grievance he filed, thereby denying him due process. Defendant D'Alassandro has moved for summary judgment on this claim.[2]

**A. Legal Standard**

A party's burden in response to a well-pleaded motion for summary judgment is to present ". . . specific facts showing that there is a *genuine issue for trial*" Fed. Rule Civ. Proc. 56(e) (emphasis added), or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The inquiry involves determining "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id., at 251-52.

Bond asserts liability against the DOC Defendants pursuant to 42 U.S.C. §1983. To state a claim under Section 1983, Bond must meet two threshold requirements. He must show: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as

---

[2] Plaintiff has clarified that he is not making any claims against Defendants Rhodes, Kirby, Brooks, Kennedy, Norman, Meighan, Stickman, Haywood, Smith, Mathews, Kyler, Burks, D'Eletto, Miller, Rambler, Kelly, Telegra and the Department of Corrections (Doc. 153, pp. 2-3). Further, Plaintiff indicates that he is not making any claim against any of the DOC Defendants for denial of medical care (Doc. 153, p. 5). Accordingly, the Court will limit itself to addressing the claims Plaintiff has identified as still viable, and which are the subject of the pending motions, i.e., the excessive force claims against Horne, the state law claims and the due process claim against Defendant D'Alassandro.

a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988).

**B. Analysis**

**1. Defendant D'Alassandro**

Plaintiff claims that Defendant D'Alassandro failed to timely respond to a grievance he filed concerning the alleged assault in this case. Officials may be liable under Section 1983 for the acts of those over whom they have supervisory responsibility. Supervisory liability, however, may not be premised solely upon a theory of *respondeat superior.* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). Some personal involvement must be alleged. Id. Supervisory liability under Section 1983 can be established by evidence showing that officials participated in violating a plaintiff's rights; directed others to violate a plaintiff's rights; knew of, and acquiesced in, their subordinates' violation of a plaintiff's rights; or knew of, and tolerated, past or ongoing misbehavior. Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir.1995).

A supervising public official has no affirmative duty to supervise and discipline to prevent violations of constitutional rights by his or her subordinates. Nonetheless, when a supervising official knowingly permits a continuing custom or policy that results in harm to the plaintiff, Section 1983 liability may attach. Colburn v. Upper Darby Township, 838 F.2d 663, 673 (3d Cir.1988), cert. denied, 489 U.S. 1065 (1989). At a minimum, however, such liability may be imposed "only where there are both: (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which

the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate." Id.

Plaintiff's claim in this case necessarily fails because Defendant D'Alassandro's participation in an administrative review process is an insufficient basis for Section 1983 liability. Jefferson v. Wolfe, 2006 WL 1947721, at *17 (W. D. Pa. 2006) (denial of grievance or appeal on final review insufficient to establish personal involvement in alleged underlying violation); Watkins v. Horn, 1997 WL 566080 at * 4 (E.D.Pa. 1997)(concurrence in an administrative appeal process is insufficient to establish personal involvement).

Further, Plaintiff does not state a due process claim by alleging that D'Alassandro acted late with respect to his grievance because Plaintiff is not constitutionally entitled to a grievance procedure and "the state creation of such a procedure does not create any federal constitutional rights." Wilson v. Horn, 971 F.Supp. 943, 947 (E.D.Pa. 1997) *aff'd* 142 F.3d 430 (3d Cir. 1988) (Table); See alsoVillegas v. Terhune, 2006 WL 403886, *14 (E.D.Cal. Feb. 16, 2006).

### 2. State Law Claims

The DOC Defendants also move for summary judgment with respect to Plaintiff's state law claims for assault, battery and negligence raised against them, asserting that Pennsylvania provides immunity from suit for officials and employees acting within the scope of their employment. 42 Pa. Cons. Stat. Ann. §§ 8501, 8522. "In order to overcome the defense of sovereign immunity under Section 8522 of the Judicial Code, 42 Pa. Cons. Stat. § 8522, [plaintiffs] must meet two distinct requirements: (1) they must show that they possess a common law or statutory cause of action against a Commonwealth party; and (2) they must demonstrate that the cause of action falls within one of the exceptions to sovereign immunity contained in

Section 8522(b)." Pennsylvania Turnpike Commission v. Nationwide Trucking Services, Inc., 319 F. Supp.2d 569, 579 (W.D.Pa. 2004) (internal citation omitted). These exceptions are limited in scope, and are to be strictly construed. White by Pearsall v. School Dist. of Phila., 553 Pa. 214, 718 A.2d 778, 779 (1998). Having reviewed the exceptions, the Court can find none that are even arguably applicable to the claims made in this case. The DOC Defendants are, therefore, entitled to summary judgment on all of Plaintiff's state law claims.

**3. Plaintiff's Motion**

Plaintiff seeks partial summary judgment on the issue of whether Defendant Horn used excessive force against him on November 18, 2005. Plaintiff relies upon a March 30, 2006 document captioned "Pre-Disciplinary Conference Information" prepared by Louis Folino, Superintendent of SCI-Greene (Doc. 146-3). Superintendent Folino reported as follows:

> The evidence suggests that Inmate Bond successfully provoked Officer Horne to enter this death-sentenced inmate's cell with malice aforethought on November 18, 2005. Officer Horne's statements/reports and responses at the PDC are not credible and are contradicted by other evidence. It is a serious misconduct when an officer loses his composure and to such purposeful provocation by an inmate(s). Fortunately, in this case, other staff were attuned to this escalating situation and responded in a timely manner to prevent injury to inmate or staff. While the inmate obviously exaggerated the extent of this incident, and his alleged injuries, it has been established that there existed no justification to warrant Officer Horne's use of force with Inmate Bond.

(Doc. 146-3, pp. 2-3).

The Eighth Amendment prohibits the unnecessary and wanton infliction of pain or actions that are grossly disproportionate to the severity of the crime warranting imprisonment. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The cruel and unusual punishment standard is

not static, but is measured by "the evolving standards of decency that mark the progress of a maturing society." Id. at 346 (quoting Trop v. Dulles, 356 U.S. 86, 101 (1986)).

To state a claim under the Eighth Amendment, an inmate must satisfy an objective element and a subjective element. Farmer v. Brennan, 511 U.S. 825, 834 (1994).The objective element questions whether the deprivation of a basic human need is sufficiently serious; the subjective component asks whether the officials acted with a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 298 (1991). The objective component is contextual and responsive to contemporary standards of decency. Hudson v. McMillian, 503 U.S. 1, 8 (1992). The subjective component focuses upon whether there has been an "unnecessary and wanton infliction of pain" that would implicate the Eighth Amendment. See Farmer, 511 U.S. at 834. What is necessary to establish an unnecessary and wanton infliction of pain varies according to the nature of the alleged constitutional violation. Hudson, 503 U.S. at 5. Thus, while the Eighth Amendment protects inmates against cruel and unusual punishment, it does not protect an inmate against every minimal use of force. Smith v. Mensinger, 293 F.3d 641, 648 (3d Cir.2002). Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9 (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.1973)) ("Not every push or shove, even if it may later seem unnecessary . . . violates a prisoner's constitutional rights").

The core inquiry as to the subjective component for a claim of excessive force is whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. Hudson, 503 U.S. at 6. "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Id. at 9. Therefore, a prisoner may prevail on an Eighth Amendment claim even

in the absence of a serious injury so long as there is some pain or injury and something more than *de minimis* force is used. Id. at 9-10 (finding that blows that caused bruises, swelling, loosened teeth, and a cracked dental plate were not *de minimis* for Eighth Amendment purposes).

Superintendent Folino's findings concerning Defendant Horne's intent upon entering Plaintiff's cell are sufficient to establish that there is no dispute of fact concerning the subjective component of the test, i.e., Horne acted with the requisite intent. Therefore, the only question remaining is whether a material dispute of fact exists concerning the existence of more than *de minimis* injury.

Plaintiff has provided evidence in the nature of his own statements which, if believed, would establish that he did suffer injury and that he experienced significant pain as a result of this incident. Plaintiff's own exhibit, however, establishes a dispute of material fact concerning whether any injury at all occurred. Superintendent Folino indicates that Plaintiff has exaggerated both the incident and his "alleged injuries." (Doc. 146-3, p. 3). Further, records provided by Plaintiff and by Defendants Hickman, Gress and Diggs in the context of a separate set of motions in this case establish that, other than Plaintiff's subjective complaints, there is no indication that he suffered any injury at all. Therefore, Plaintiff is not entitled to summary judgment on the issue of the use of excessive force by Defendant Horne.

### III. CONCLUSION

It is respectfully recommended that the Motion for Partial Summary Judgment filed by the Department of Corrections ("DOC") Defendants (Doc. 142) be granted. It is further recommended Plaintiff's Motion for Partial Summary Judgment (Doc. 145) be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by June 15, 2009.

s/ Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

Date: May 29, 2009

cc:
JESSE DERRICK BOND BZ-2493
S.C.I. at Greene
175 Progress Drive
Waynesburg, PA 15370