IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE DERRICK BOND, ) | |
|  ) | |
| Plaintiff, ) | |
|  ) | |
| vs. ) | 2:06cv1515 |
|  ) | Electronic Filing |
| FNU RHODES, et al. ) | |
|  ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

AND NOW, this 31st day of July, 2009, after de novo review of the record and upon due consideration of [155] the magistrate judge's report and recommendation filed on May 29, 2009, and [160] plaintiff's objections thereto, IT IS ORDERED that [139] the defendants' motion for summary judgment be, and the same hereby is, granted and [136] plaintiff's motion for partial summary judgment be, and the same hereby is, denied. The report and recommendation as augmented herein is adopted as the opinion of the court.

Plaintiff's objections are without merit. In the context of a claimed denial of medical treatment, an inmate must show two elements to demonstrate a violation of his Eighth Amendment rights: (1) that he was suffering from a "serious" medical need; and (2) that prison officials were "deliberately indifferent" to that need. Estelle v. Gamble, 429 U.S. 97, 104 (1978). Plaintiff fails to advance sufficient evidence to support either element.

Plaintiff's contention that a serious medical need is established by the treatment notes of two medical personnel is unavailing. As aptly demonstrated in the report and recommendation, not every ache suffered by an inmate requires medical attention and the refusal to dispense "bromides for the sniffles or minor aches and pains" is not repugnant to the Eight Amendment. Cooper v. Casey, 97 F.3d 914, 916 (7th Cir. 1996). A "serious" medical need is not implicated by the referenced medical reports. Although plaintiff no doubt suffered pain during the time in question, there is no basis in those reports to support a finding that plaintiff's level of discomfort rose to a constitutional magnitude. To the contrary, the level of pain repeatedly was identified

as minor and intermittent and every individual believed that it could be treated with a non-prescription anti-inflammatory medication.  Against this backdrop, plaintiff's claim that he failed to obtain that medication on his own because ibuprofen had ceased to relieve his pain is unconvincing.  No fewer than three medical personnel examined plaintiff and none found a need for any medication beyond ibuprofen.  Some of the medical reports indicated plaintiff was malingering.  From this evidence it cannot be concluded, as plaintiff asserts, that he was denied treatment for a serious medical need.

Similarly, the record will not support a finding that defendants were indifferent; to the contrary, they examined plaintiff and uniformly failed to detect any objective signs indicating his level of pain required treatment beyond a mild analgesic.  Plaintiff's subjective belief that his condition required more does not provide competent evidence to the contrary.  As plaintiff has failed to advance sufficient evidence to support either element of his medical needs claim, summary judgment for defendants is proper.  It follows a fortiori that plaintiff's motion for summary judgment on the same claim must be denied.  Accordingly, the above order is appropriate.

s/ David Stewart Cercone  
David Stewart Cercone  
United States District Judge

cc:   Honorable Cathy Bissoon  
      United States Magistrate Judge  

      Jesse D. Bond  
      BZ-2493  
      SCI Greene  
      175 Progress Drive  
      Waynesburg, PA 15370  

      Tracey A. Wilson, Esquire  
      Office of the Attorney General  
      564 Forbes Avenue  
      6th Floor, Manor Complex  
      Pittsburgh, PA 15219