IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE DERRICK BOND, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FNU RHODES, et al. )<br>)<br>Defendants. ) | 2:06cv1515<br>Electronic Filing |

## MEMORANDUM ORDER

AND NOW, this 31st day of July, 2009, after de novo review of the record and upon due consideration of [156] the magistrate judge's report and recommendation filed on May 29, 2009, and [161 & 162] plaintiff's objections thereto, IT IS ORDERED that [142] the defendants' motion for partial summary judgment be, and the same hereby is, granted and [145] plaintiff's motion for partial summary judgment be, and the same hereby is, denied. The report and recommendation as augmented herein is adopted as the opinion of the court.

Plaintiff's objections as to why he is entitled to partial summary judgment are without merit. As the report and recommendation aptly notes, plaintiff's own evidence establishes a dispute of material fact. The pre-disciplinary conference document prepared by Superintendent Folino indicates that plaintiff exaggerated not only his injuries but also the extent of incident itself. Plaintiff misreads the law when he suggests that the DOC defendants' failure to challenge his motion for partial summary judgment entitles him to judgment. It is well established that "[w]here the party moving for summary judgment is the plaintiff, or the party who bears the burden of proof at trial, the standard is more stringent." National State Bank v. Federal Reserve Bank, 979 F.2d 1579, 1582 (3d Cir. 1992). And "where the movant bears the burden of proof at trial and the motion does not establish the absence of a genuine factual issue, the district court should deny summary judgment even if no opposing evidentiary matter is presented." Id. (citing Resolution Trust Corp. V. Gill, 960 F.2d 336, 340 (3d Cir. 1992)).

Plaintiff's statements, if believed, would support a finding that he did suffer injury and

significant pain as a result of the encounter with defendant Horne. However, a jury would not be compelled to accept these allegations at face value. Consequently, plaintiff's credibility as to the averments against defendant Horne is an issue that must be resolved at trial. Accordingly, the above order is appropriate.

                                                  s/ David Stewart Cercone
                                                  David Stewart Cercone
                                                  United States District Judge

cc:      Honorable Cathy Bissoon
          United States Magistrate Judge

          Jesse D. Bond
          BZ-2493
          SCI Greene
          175 Progress Drive
          Waynesburg, PA 15370

          Tracey A. Wilson, Esquire
          Office of the Attorney General
          564 Forbes Avenue
          6th Floor, Manor Complex
          Pittsburgh, PA 15219